IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER CRAWFORD,               )
                                    )
                    Plaintiff,      )
                                    )
vs.                                 )     Case No. 07-cv-0115-MJR
                                    )
AMERICAN COAL COMPANY,              )
                                    )
                    Defendant.      )

MEMORANDUM AND ORDER

REAGAN, District Judge:

On December 29, 2006, Christopher Crawford filed suit in the Circuit Court of Saline County, Illinois against his former employer, The American Coal Company ("American Coal").  Crawford alleged that he had hurt his back in the course of his work and asserted rights under the Illinois Workers' Compensation Act.

Crawford further alleged that after returning to work (on clerical duties) he discovered that his prescription medication was adversely affecting his ability to perform his job and, after he told his employer this, he was fired.  Crawford claimed that the firing constituted a retaliatory discharge based on his exercise of rights under the Workers' Compensation Act, entitling Crawford to compensatory and punitive damages "in such amount as may be deemed fair and just" (Complaint, Doc. 2-2, p. 2).

Served with the complaint on January 19, 2007, American Coal timely removed the action to this United States District Court, asserting that subject matter jurisdiction lies under the federal diversity statute, 28 U.S.C. § 1332.

The case now comes before the undersigned Judge for threshold review, the purpose of which is to ascertain that subject matter jurisdiction properly lies. *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir. 1986)("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *McCready v. White,* 417 F.3d 700, 702 (7th Cir. 2005)(Ensuring the existence of subject matter jurisdiction is the court's "first duty in every lawsuit.").

As to *non*-class actions, 28 U.S.C. 1332 confers original jurisdiction over suits in which the amount in controversy exceeds $75,000, if the action is between citizens of different states.  The party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met.  *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).  *Accord Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006)(party seeking federal forum must show that requirements have been satisfied).

In a removed case, the amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit was removed.  *Oshana*, 472 F.3d at 510-11, *citing BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002).  Once the defendant establishes the required amount in controversy, "the plaintiff can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Oshana*, 472 F.3d at 511, *citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1939), and *Meridian Sec. Ins.*

Page 2 of  6

*Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006).

In the case at bar, the party invoking federal jurisdiction – American Coal – has alleged "on information and belief" that the amount in controversy suffices and "on information and belief" that complete diversity exists between the parties (Removal Notice, Doc. 2-1, p. 4).   Such allegations generally do *not* suffice to establish the elements of diversity jurisdiction, *see America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073-74 (7th Cir. 1992), so the Court disregards them.   But the removal notice supplies additional details that may be used in assessing whether jurisdiction lies.

For instance, as to diversity, the removal notice establishes that Defendant American Coal was incorporated in Delaware and maintains its principal place of business in Ohio, making it a citizen of both Delaware and Ohio.   *See* 28 U.S.C. 1332(c)(1); and Affidavit of Michael O. McKown, Exhibit D to Doc. 2-1.

Unfortunately, Plaintiff Crawford's citizenship has not been established. The removal notice, the affidavit of Gary Poole (Human Resources Manager for American Coal), and the complaint all describe Crawford as a "resident" of Illinois (or, *on information and belief*, a citizen).   These allegations do not properly demonstrate Crawford's *citizenship*, as required for this Court to determine that complete diversity exists.

The United States Court of Appeals for the Seventh Circuit consistently admonishes parties for pleading residence rather than citizenship. Earlier this month, for

example, the Seventh Circuit reminded counsel that allegations of residence are "inadequate," "residence and citizenship are not synonyms," and "it is the latter that matters for purposes of diversity jurisdiction." *Camico Mut. Ins. Co. v. Citizens Bank*, – F.3d –, 2007 WL 286533, *2 (7th Cir. Feb. 2, 2007), *quoting McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1989), and *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). So the Court needs additional information to determine whether the parties are completely diverse in citizenship.

Questions also linger as to the amount in controversy. In the complaint, Crawford seeks lost wages, "expenses and costs in seeking alternative employment," lost benefits, compensatory damages for mental anguish, and punitive damages resulting from American Coal's allegedly "willful, intentional, and malicious" discharge of him (Complaint, Doc. 2-2, p. 2). Crawford does not specify a dollar amount of damages, which is typical in Illinois Circuit Court practice.[1]

Here, the amount in controversy may well pass the over-$75,000 mark, given that Crawford was terminated in June 2005, was earning over $2,500 per month, and seeks other compensatory and punitive damages (in addition to lost wages). Moreover, Crawford apparently failed to respond to written requests for assurances (or otherwise stipulate to the fact) that he does not seek damages over $75,000. *See*

---

[1] *See, e.g., Oshana*, 472 F.3d at 509 ("Consistent with Illinois practice, [plaintff] did not claim an amount of damages in her complaint."); *Chase,* 110 F.3d at 426 (recognizing that as to personal injury suits, Illinois civil procedure "does not allow specific prayers for relief").

Page 4 of  6

Removal Notice, Doc. 2-1, p. 2.

As the removing party, American Coal bears the burden of establishing that – *at the time of removal* – Crawford had placed over $75,000 in controversy.  If Crawford truly has refused to stipulate that he seeks damages which do <u>not</u> exceed the federal jurisdictional hurdle, he may have doomed his chance to argue that the amount in controversy is insufficient.    As the Seventh Circuit has explained on just such facts:

> Oshana's refusal to admit that she would not seek individual damages in excess of $75,000 worked against her.  As we said in *Workman*, if the plaintiff does not stipulate to damages of $75,000 or less, the inference arises that he thinks his claim may be worth more.

*Oshana*, 472 F.3d at 512.

This Court bears in mind that "removal is proper if the defendant's estimate of the stakes is plausible; **plaintiffs can't prevent removal by refusing to concede** that the controversy exceeds the jurisdictional minimum...."    *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004)(emph. added), *citing Barbers, Hairstyling for Men & Women, Inc. v. Bishop*, 132 F.3d 1203 (7th Cir.1997), and *Shaw v. Dow Brands, Inc.*, 994 F.2d 364 (7th Cir. 1993).   Still, questions remain regarding the amount in controversy.

Accordingly, the Court **DIRECTS** both parties to file a "Jurisdictional Memorandum" (each no longer than 8 pages) **on or before March 13, 2007**.  American Coal's memorandum must clearly identify each party's state(s) of *citizenship* (not based on information and belief) and may address the amount in controversy.

Crawford's memorandum should plainly list his state of *citizenship* (not "residence") and should address whether or not the amount in controversy exceeds $75,000, exclusive of costs.  Both parties are reminded that the amount in controversy is determined <u>as of the moment of removal</u>.  *See, e.g., Oshana*, 472 F.3d at 511; *Harmon v. OKI Systems*, 115 F.3d 477, 479-80 (7th Cir. 1997); *Chase*, 110 F.3d at 428 ("The court … is limited to examining only that evidence of amount in controversy that was available at the moment the petition for removal was filed.").

IT IS SO ORDERED.

DATED this 23rd day of February 2007.

s/ Michael J. Reagan          __
MICHAEL J. REAGAN
United States District Judge