IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-cv-0115-MJR |
| ) | |
| AMERICAN COAL COMPANY, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Christopher Crawford sued his former employer (American Coal Company) in the Circuit Court of Saline County, Illinois. Crawford, who had injured his back on the job, alleged that he was fired in retaliation for asserting rights under the Illinois Workers' Compensation Act. His state court complaint sought compensatory and punitive damages "in such amount as may be deemed fair and just" (Complaint, Doc. 2-2, p. 2).

American Coal timely removed the action to this United States District Court, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332. On threshold review, the undersigned Judge raised concerns regarding the prerequisites for diversity jurisdiction. At that time, the record revealed American Coal to be a citizen of Ohio and Delaware but did not disclose Plaintiff's citizenship. Additionally, the Court questioned whether the amount in controversy exceeded $75,000, exclusive of interest and costs. The Court directed counsel to brief these issues by March 13, 2007.

Plaintiff's brief (Doc. 9) clarifies that he is a citizen of Alabama, so the parties are completely diverse. Analysis, then, turns to the amount in controversy.

In a removal case, the amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit was removed. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006), *citing BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002). *Accord Hart v. Schering-Plough Corp.*, 253 F.3d 272, 273 (7th Cir. 2001).

Once the defendant establishes the required amount in controversy, "the plaintiff can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Oshana*, 472 F.3d at 511, *citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1939), and *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006).

The amount in controversy is determined by evaluating the plaintiff's complaint "and the record as a whole." *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004), *citing Uhl v. Thoroughbred Tech. & Telecommunications, Inc.*, 309 F.3d 978, 983 (7th Cir. 2002). *Accord Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993)(Generally, to determine amount in controversy in removal cases, the court looks "at plaintiff's state court complaint, along with the record as a whole."). However, the Court may examine only the evidence which was *available* when the case was removed or which *sheds light* on the situation existing at the moment of removal. *Harmon v. OKI Systems*, 115 F.3d 477, 479-80 (7th Cir. 1997).

Crawford's complaint prays for lost wages, expenses for seeking alternative employment, lost benefits, compensatory damages for mental anguish, and punitive damages resulting from American Coal's allegedly "willful, intentional, and malicious" discharge. The complaint does not request a specific dollar amount of damages. In the February 23, 2007 Order (Doc. 8, pp. 4-5), this Court remarked that the amount in controversy might well suffice:

> "given that Crawford was terminated in June 2005, was earning over $2,500 per month, and seeks other compensatory and punitive damages (in addition to lost wages). Moreover, Crawford apparently failed to respond to written requests for assurances (or otherwise stipulate to the fact) that he does not seek damages over $75,000. *See* Removal Notice, Doc. 2-1, p. 2."

As this Court noted previously, refusal to stipulate that one seeks damages less than the federal jurisdictional threshold may seal a plaintiff's fate and keep his case in federal court. In *Oshana*, **472 F.3d at 512**, the Seventh Circuit declared that a plaintiff's "refusal to admit that she would not seek individual damages in excess of $75,000 worked against her," since such refusal raises the inference that a plaintiff "thinks his claim may be worth more." Similarly in *Rubel v. Pfizer, Inc.*, **361 F.3d 1016 (7th Cir. 2004)**, the Seventh Circuit announced: "removal is proper if the defendant's estimate of the stakes is plausible; plaintiffs can't prevent removal by refusing to concede that the controversy exceeds the jurisdictional minimum." *Id*. at 1020, *citing Barbers, Hairstyling for Men & Women, Inc. v. Bishop,* **132 F.3d 1203 (7th Cir.1997),** and *Shaw v. Dow Brands, Inc.,* **994 F.2d 364 (7th Cir. 1993).**

Crawford's jurisdictional brief sheds light on the question of what amount was needed to satisfy his demands, in full, on the day the suit was removed. First, because his current job pays the same or more than his job with American Coal, Crawford does not seek wage differential damages. According to Crawford's estimate, his lost wages (spanning December 13, 2005 through August 12, 2006, using an average weekly wage) are $34,333.47 (Doc. 9, p. 2). Adding to that his vocational rehabilitation expenses and his damages for lost fringe benefits (health benefits, pension benefits, vacation/sick days, etc.), Crawford's compensatory damages total just under $53,000. But he also seeks punitive damages, which raises the issue whether such damages can be considered in ascertaining whether the over-$75,000 bar has been cleared.

Punitive damages "may sometimes be taken into account in deciding whether the proper amount is in controversy." *Clark v. State Farm Mut. Auto. Ins. Co.*, 473 F.3d 708, 711-12 (7th Cir. 2007), *quoting Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000).

Specifically, punitive damages may be included in the amount in controversy when applicable state law expressly authorizes the recovery of punitives. *Geschke v. Air Force Ass'n,* 425 F.3d 337, 341 (7th Cir. 2005); *Smith v. American General Life and Acc. Ins. Co., Inc.,* 337 F.3d 888, 892-93 (7th Cir. 2003).

The Seventh Circuit has explained:

> "Where punitive damages are required to satisfy the jurisdictional requirement in a diversity case, a two-part inquiry is necessary. The first question is whether punitive

> damages are recoverable as a matter of state law. If the answer is yes, the court has subject matter jurisdiction unless it is clear 'beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount.'"

*Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996), quoting *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1212 (7th Cir. 1995).

Illinois law permits recovery of punitive damages if (a) a tort is committed with fraud, actual malice, deliberate violence or oppression, or (b) "the defendant acts wilfully, or with such gross negligence as to indicate a wanton disregard of the rights of others." *Brandon v. Anesthesia & Pain Management Associates, Ltd.*, 277 F.3d 936, 946 (7th Cir. 2002), citing *Kelsay v. Motorola, Inc.*, 384 N.E.2d 353, 359 (Ill. 1978). Within those parameters, punitive damages may be recovered in retaliatory discharge cases. *Id.* So punitive damages should be factored into the Court's amount-in-controversy calculus in the case at bar.

When punitive damages *can* be counted toward the amount in controversy, the ratio of punitive to compensatory damages must fall within a permissible range. *See, e.g., Gavin v. AT&T Corp.*, 464 F.3d 634, 641 (7th Cir. 2006); *Munro v. Golden Rule Ins. Co.*, 393 F.3d 720, 721-22 (7th Cir. 2004); *Smith*, 337 F.3d at 896. Here, only about $22,200 in punitive damages would be needed to push the amount in controversy over the jurisdictional threshold, since over $52,800 is sought in compensatory damages (Doc. 9, p. 2). The ratio of compensatory to punitive damages falls within the acceptable range.

Plaintiff mistakenly suggests that no amount of punitives may be used to figure the amount in controversy, because "the parties have not engaged in any ... discovery to determine whether there is substantial evidence from which a jury could find the necessary fraud, actual malice, deliberate violence or oppression, willfulness, or gross negligence to support" a punitive damage award (Doc. 9, p. 3). But, in the jurisdictional calculus, a Court does not *ignore* requested punitive damages on the ground that discovery has not yet been conducted on this point. Where – as here – the complaint *seeks* punitive damages and such damages are recoverable under applicable state law, they are properly considered in assessing the amount in controversy.

Thus, the amount in controversy clears the over-$75,000 mark, despite Plaintiff's protestations to the contrary. American Coal has satisfied its burden of establishing the amount in controversy, and Crawford has not shown to a legal certainty that his claim is really less than the jurisdictional amount.

Stated another way, American Coal has demonstrated "by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met," this good-faith estimate of the stakes is "plausible," **Oshana, 472 F.3d at 511**, and it is not legally certain that "the controversy's value is below the threshold," **Meridian, 441 F.3d at 541.** As Judge Posner stated last year when analyzing the ratio of punitive to compensatory damages and deciding whether the amount in controversy was met: "one could not say as a matter of law that the plaintiff would be unable to cross the threshold; and therefore this case really is within the diversity jurisdiction." **Gavin,**

**464 F.3d at 641.  *Accord Geschke*, 425 F.3d at 342 (Because plaintiff's "claim for punitive damages was not legally impossible at the outset, her lawsuit meets the $75,000 jurisdictional threshold.").**

The parties are completely diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Therefore, this Court may exercise subject matter jurisdiction under 28 U.S.C. § 1332.  The case now will be "tracked" and assigned a firm trial date.

IT IS SO ORDERED.

DATED this 15th day of March 2007.

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge
