IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER CRAWFORD,       )
                            )
            Plaintiff,      )
                            )
vs.                         )   Case No. 07-cv-0115-MJR
                            )
AMERICAN COAL COMPANY,      )
                            )
            Defendant.      )

MEMORANDUM AND ORDER

REAGAN, District Judge:

A. Introduction

Sued in Illinois state court by an employee who was injured in the job, American Coal Company removed the action to this United States District Court, where – after soliciting and reviewing jurisdictional briefs – the undersigned Judge determined that subject matter jurisdiction lay under the federal diversity statute. *See* Docs. 9-11. The case is set for trial April 14, 2008, with a final pretrial conference March 28, 2008.

Now before the Court is American Coal's January 4, 2008 motion for summary judgment, which was fully briefed as of February 25, 2008 (*see* Docs. 36, 38, 41, 42 and 43). For the reasons explained below, the Court now grants that motion.

B. Analysis

Christopher Crawford worked for American Coal Company in its Galatia mine. In late June 2005, Crawford slipped and fell while working underground at the mine's "Millenium Portal."

Several days later, after being examined by a physician who released him to return to light duty assignment at the mine, Crawford was discovered sleeping on the job. He was immediately terminated. Crawford sued American Coal in the Circuit Court of Saline County, Illinois, claiming that he was fired in retaliation for asserting rights under the Illinois Workers' Compensation Act.

American Coal timely removed the action to this federal district court, invoking subject matter jurisdiction under 28 U.S.C. § 1332. The undersigned District Judge determined that all prerequisites for diversity jurisdiction had been satisfied.[1] The case was given a firm trial date, and discovery proceeded. American Coal now seeks summary judgment in its favor on all claims under Federal Rule of Civil Procedure 56, in compliance with Local Rule 7.1 of this District. Analysis of the motion begins with reference to the governing legal standard.

Summary judgment is appropriate where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Breneisen v. Motorola, Inc.*, 512 F.3d 972 (7th Cir. 2008), *citing* Fed. R. Civ. P. 56(c), *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), and *Krieg v. Seybold*, 481 F.3d 512, 516 (7th Cir. 2007). In ruling on a summary judgment motion, this Court must

---

[1] Plaintiff is an Alabama citizen. American Coal is an Ohio and Delaware citizen. The amount in controversy – *i.e.,* the amount required to satisfy the plaintiff's demands in full on the day the suit was removed – suffices. *See* **Order at Doc. 11**, *citing Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006).

construe the evidence and all inferences reasonably drawn from the evidence in the light most favorable to the non-moving party. *TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630 (7th Cir. 2007); *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007). Thus, the undersigned Judge construes all facts and makes all reasonable inferences in favor of Crawford, the nonmovant here.

Crawford claims that he was discharged in retaliation for exercising his rights under the Illinois Worker's Compensation Act, rendering his discharge "contrary to the public policy of the State of Illinois as set forth in [that] Act, 820 ILCS 305/1, et seq." (Doc 2-2, ¶ 10). In assessing Crawford's retaliatory discharge claim, one preliminary issue bears note.

The Seventh Circuit has not squarely decided "whether, under the *Erie* doctrine, a federal court exercising diversity jurisdiction to hear a retaliatory discharge claim under the Illinois Workers' Compensation Act must apply the Illinois framework, or whether it may use the familiar burden-shifting method" of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *McCoy v. Maytag Corp.*, 495 F.3d 515, 521 (7th Cir. 2007).

Illinois courts treat a retaliatory discharge action as a traditional tort claim, and so have rejected the McDonnell Douglas analytical framework. *Clemons v. Mechanical Devices Co.*, 704 N.E.2d 403, 407-08 (Ill. 1998); *Hiatt v. Rockwell Int'l*, 26 F.3d 761, 767 n.4 (7th Cir. 1994). Under Illinois' approach, to recover damages for the tort of retaliatory discharge predicated on rights under the Workers' Compensation

Act, an employee must prove: (1) that he was an employee before the injury, (2) that he exercised a right granted by the Workers' Compensation Act, (3) that he was discharged, and (4) that the discharge was causally related to his filing of a claim under the Act. *Clemons*, 704 N.E.2d at 406, *citing Gonzalez v. Prestress Engineering Corp.*, 551 N.E.2d 793 (Ill. App. 1990).

By contrast, federal courts hearing such claims may use McDonnell Douglas' burden-shifting approach. *See Bourbon v. Kmart Corp.*, 223 F.3d 469, 473 (7th Cir.2000); *Hiatt,* 26 F.3d at 767. Under the McDonnell Douglas framework, a plaintiff can establish a prima facie case of discrimination by satisfying four elements: (1) the plaintiff was in a protected class, (2) he was meeting his employer's legitimate work expectations, (3) he suffered an adverse employment action, and (4) employees outside the protected class were treated more favorably than he. If the plaintiff makes this showing, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. If this burden is satisfied, then the plaintiff must show that the proffered reasons for termination are merely pretext for discrimination. *See Carter v. Tennant Co.*, 383 F.3d 673, 678 (7th Cir. 2004); *Hiatt,* 26 F.3d at 767-68.

This Court need not decide whether the Illinois or the federal standard governs here, for the same reason the Seventh Circuit did not need to resolve the issue in *McCoy* – the employer has provided a valid, non-pretextual reason for terminating the employee.

> **...** Maytag provided a valid, non-pretextual reason for terminating McCoy's employment. Accordingly, ... we leave the decision regarding "'what the prima facie case of retaliation is in the Seventh Circuit'" for another day.

***McCoy*, 495 F.3d at 522, *citing Carter*, 383 F.3d at 678, and *Bourbon*, 223 F.3d at 476 (Posner, J., concurring).**

Stated another way, Crawford's retaliatory discharge claim fails to survive summary judgment under *either* the state or the federal standard.

Under Illinois law, if the employer comes forward "with a valid, nonpretextual basis" for the discharge, "the causation element required to be proven is not met." ***Clemons*, 704 N.E.2d at 406, *citing Hartlein v. Illinois Power Co.*, 601 N.E.2d 720 (Ill. 1992).** On the record before this Court, under the Illinois approach, summary judgment is merited in favor of American Coal.

Under the federal approach, Crawford has failed to establish a prima facie case. Specifically, he has not demonstrated that he was meeting his employer's legitimate expectations *at the time of discharge* or that similarly situated employees were treated *more favorably* than he. This warrants summary judgment in favor of American Coal. ***See, e.g., Gates v. Caterpillar, Inc.*, 513 F.3d 680, 690 (7th Cir. 2008)(affirming summary judgment in favor of employer); *Nichols v. Southern Illinois University-Edwardsville*, 510 F.3d 772, 787 (7th Cir. 2007)(affirming summary judgment where Plaintiffs "did not put forth any evidence that they were treated differently than a similarly situated employee outside of their protected class").**

As is described below, Crawford was not meeting American Coal's legitimate expectations on the date he was fired, and he has tendered no evidence that similarly situated employees were treated more favorably than he was. So he has not made a prima face case of retaliation under the *McDonnell Douglas* method.

Even assuming Crawford had satisfied his prima facie case for retaliation (thereby "shifting" the burden to his employer), American Coal has sustained that burden by articulating a legitimate nondiscriminatory reason for Crawford's discharge, and Crawford has failed to establish that the reason in question was pretextual.

The voluminous record before the Court (including deposition excerpts, affidavits, the employee handbook provided to Crawford, and interrogatory answers) construed in the light most favorable to Crawford plainly discloses the following key facts. American Coal has a strict and uniformly-enforced policy that prohibits sleeping while on duty. Violation of this policy is grounds for immediate termination. Crawford's own memorandum opposing summary judgment concedes that a *single violation* of this company policy is "misconduct which constituted grounds for discharge" (Doc. 42, p. 3). Every employee ever caught by his supervisor sleeping on the job was fired by American Coal – whether or not the employee had filed a workers' compensation claim.

Crawford does not dispute that he was *caught* sleeping on the job, that he was *told* by both his immediate supervisor (Joseph Manning) and the Human Resources Manager (Gary Poole) that he was being terminated for sleeping on the job, and that in fact he *was* terminated for sleeping on duty. Violating a company policy constitutes a

legitimate nondiscriminatory reason for Crawford's discharge.

In a doomed attempt to fend off summary judgment, Crawford relies on the fact that he was taking prescription medication (two drugs which made him drowsy) at the time he was discovered sleeping on the job. But this does not alter the essentials.

Crawford had suffered a back sprain at work on June 24 or 25, 2005. He reported back to work three days later – having been released to "light duty work" by Dr. James Alexander. During his first shift back, Crawford sorted papers for about 45 minutes and accompanied a coworker on an errand. After that, Crawford "kicked back" in his chair and dozed off to sleep. Another employee saw Crawford sleeping and reported it to the acting mine superintendent (Manning). Manning left his post, went to the warehouse and personally observed Crawford sleeping for about two minutes. Manning awoke Crawford and fired him on the spot. American Coal similarly terminated the employment of every other worker found sleeping on duty.

Crawford was not meeting American Coal's legitimate job expectations at the time of his discharge, and he has identified no similarly situated employee treated more favorably than he by American Coal. So he has failed to make a prima facie case of retaliatory discharge. ***See Treadwell v. Office of Illinois Secretary of State*, 455 F.3d 778, 782 (7th Cir. 2006).**

Assuming, arguendo, that Crawford established a prima facie case of retaliation, summary judgment is still proper here, because American Coal has identified a valid nondiscriminatory reason for the discharge – violation of the company policy

forbidding sleeping on the job. Crawford has produced no evidence that this reason was pretext for retaliation.

To show pretext, Crawford must provide evidence that American Coal did not honestly believe the reason it offered for his termination. *See Paluck v. Gooding Rubber Co.*, 221 F.3d 1003, 1012 (7th Cir. 2000). The Seventh Circuit has emphasized that pretext requires more than bad business judgment or unusual managerial decisions. Instead, pretext "means deceit used to cover ones' tracks." *Kulumani v. Blue Cross Blue Shield Ass'n,* 224 F.3d 681, 684 (7th Cir. 2000).[2] An employer may be "mistaken, cruel, unethical … or downright irrational," but as long as the employer truly believes the reason given for the discharge, that reason is not pretextual. *Griffin v. Sisters of Saint Francis, Inc.*, 489 F.3d 838, 845 (7th Cir. 2007).

Crawford has marshaled no evidence that American Coal did not honestly believe he was fired for sleeping on the job. He has not shown pretext. *See Dewitt v. Proctor Hosp.*, – F.3d –, 2008 WL 509194, *5 (Feb. 27, 2008)(affirming grant of summary judgment in context of ERISA retaliation claim, the Seventh Circuit noted: "If Proctor had a legitimate, nondiscriminatory reason for firing Dewitt, she would be out of luck. She would not then be able to show retaliation."); *Borcky v. Maytag Corp.*, 248 F.3d 691, 697 (7th Cir. 2001); *Ineichen v. Ameritech*, 410 F.3d 956, 961

---

[2] As Judge Easterbrook remarked just two weeks ago in unreported decision, pretext is "a lie designed to cover up a discriminatory truth." *Villarruel v. Mukasey*, 2008 WL 480409, *1 (7th Cir. February 21, 2008).

**(7th Cir. 2005).**

Crawford's retaliatory discharge claim fails under both the Illinois approach and the federal approach for another reason. He did not file his workers' compensation claim until *after* he was discharged by American Coal. The record contains no evidence that he expressed to anyone at American Coal an intention to do so in the future. Furthermore, the record is devoid of even a shred of evidence suggesting that Crawford for was fired to *prevent* him from filing a claim.

As described in delineating the prima facie case requirements above, Illinois law requires an employee to show that his discharge was causally related to his filing of a claim under the Workers' Compensation Act. Crawford had not yet filed any such claim (or otherwise asserted his rights under the Act) when he was fired.

Similarly, Seventh Circuit law requires an employee to show that he is in a protected class/group or engaged in protected activity. Crawford has not clarified what protected group he belonged to or what protected activity he engaged in before being fired. The mere fact he was injured on the job does not suffice, and he had not yet filed any claim or otherwise asserted rights under the Illinois Workers' Compensation Act at the time he was discharged. Thus, his retaliatory discharge claim must fail. ***See, e.g., Sweat v. Peabody Coal Co.,* 94 F.3d 301, 305 (7th Cir. 1996)(affirming grant of summary judgment for employer where employee had shown no protected activity); *Roger v. Yellow Freight Systems, Inc.,* 21 F.3d 146, 149-50 (7th Cir. 1994)(affirming grant of summary judgment for employer where employee had not shown that firing**

was "primarily in retaliation for his exercise of a protected right").

C. Conclusion

A party "must present more than mere speculation or conjecture to defeat a summary judgment motion." **Borcky, 248 F.3d at 697.** Neither Crawford's insistence that he was unfairly discharged because his medications made him sleepy nor Crawford's speculation that American Coal somehow tricked him into sleeping on the job by giving him *such* light duty that he quickly completed his tasks and could not stay awake at his post creates a genuine issue of material fact precluding summary judgment.

For the reasons described above, no genuine issues of material fact exist, and American Coal is entitled to judgment as a matter of law. Crawford has not established a prima face case of retaliation, and he has shown no pretext by American Coal in firing him for violating the company policy prohibiting sleeping on the job.

Accordingly, the Court **GRANTS** American Coal's motion for summary judgment (Doc. 36) and **DIRECTS** the Clerk of Court to enter judgment in favor of American Coal and against Crawford on all claims herein. As requested in the proposed Order submitted by American Coal on January 7, 2008, each party shall **BEAR HIS/ITS OWN COSTS** and fees.

IT IS SO ORDERED.

DATED this 11th day of March 2008.

                                              s/Michael J. Reagan
                                              MICHAEL J. REAGAN
                                              United States District Judge